IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |  |
|---|---|---|
| DARNISHA GREEN, on behalf of herself and others similarly situated, | : : : : | Case No: 1:26-cv-01845 |
| 136 Broadway, Apt. 4-EF<br>Hagerstown, MD, 21740<br>(Washington County) | : : : : | |
| Plaintiff,<br>v. | : : : : | |
| TARGET CORPORATION,<br>1000 Nicolet Mall<br>Minneapolis, MN 55403 | : : : : | |
| Defendant. | : | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Darnisha Green ("Plaintiff") brings this class action lawsuit against Target Corporation ("Defendant"), seeking all available relief under the Maryland Wage and Hour Law ("'MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, the Maryland Wage Payment and Collections Law ("MWPCL"), *id.* at §§ 3-501, *et seq.*, and Maryland's unjust enrichment doctrine.  She alleges the following:

### JURISDICTION AND VENUE

1.    Jurisdiction is proper under 28 U.S.C. § 1332.

2.    Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

3.    Plaintiff resides in Hagerstown, MD.

4.    Defendant is a corporation headquartered in Minneapolis, MN and registered to do business in Maryland.

**FACTS**

5. Defendant is a retailer offering "fashionable, differentiated merchandise and everyday essentials at discounted prices" available for purchase "in stores or through our digital channels." *See* SEC Form 10-K for the Fiscal Year Ended February 1, 2025 ("Annual Report") at 2.

6. To support to these retail operations, Defendant operates distribution centers and other supply-chain facilities throughout the United States. *See*, *e.g.*, Annual Report at 6, 21. These facilities include a food distribution center and returns center in Upper Marlboro, MD (the "Maryland Facilities").

7. Defendant employs individuals who, during the past three years, have worked at the Maryland Facilities and have been paid an hourly wage. Such individuals are referred to as "class members."

8. Plaintiff is a class member because, from approximately February 2024 until approximately March 2025, she was employed by Defendant at the Maryland Facilities and was paid an hourly wage.

9. Plaintiff, like other class members, sometimes worked over 40 hours per workweek.

10. During each workday, Defendant generally starts paying Plaintiff and other class members based on the scheduled start-times applicable to the class member's job assignment. Plaintiff and other class members are required to be at their job assignment location and ready to start working at the scheduled start time.

11. Plaintiff and other class members are required to complete various activities inside the Maryland Facilities prior to the scheduled start-time. Such activities include, for

example: badging-in at entrance turnstiles; walking to locker rooms/changing areas; gathering and donning required gear (such as, with respect to Plaintiff, a "snowsuit," "bib," coat, hat, and gloves); clocking in at timeclocks; selecting equipment (such as, with respect to Plaintiff, pallet jacks or forklifts); and walking to the job assignment.  In the absence of discovery, Plaintiff estimates that, during a typical day, she spent approximately 15 minutes engaged in such activities prior to her scheduled start time.

12.     During each workday, Defendant generally stops paying Plaintiff and other class members based on the time they clock-out at timeclocks located within the Maryland Facilities.

13.     Plaintiff and other class members are required to complete various activities inside the Maryland Facilities after they clock-out at the timeclocks.  Such activities include, for example: walking to locker rooms/changing areas; doffing and storing required gear (such as, with respect to Plaintiff, a "snowsuit," "bib," coat, hat, and gloves); and walking to exit turnstiles; and badging out at exit turnstiles.  In the absence of discovery, Plaintiff estimates that, during a typical day, she spent approximately 12 minutes engaged in such activities after clocking-out.

14.     Defendant does not pay Plaintiff and other class members any wages for time associated with the mandatory pre-shift and post-shift activities described in paragraphs 10-13. Defendant maintains this practice even though, upon information and belief, security badge data recording the precise times that class members enter and exit the Maryland Facilities is readily available and even though time attributable to such *intra*-facility walking can easily be captured and paid.

15.     The total amount of uncompensated time Plaintiff and other class members spend undergoing the mandatory associated with the mandatory pre-shift and post-shift activities

described in paragraphs 10-13 is not insignificant for these workers, who work for hourly wages; and in the aggregate, Defendant saves significant sums of money by failing to pay for the time it requires Plaintiff and other class members to perform this required work on its premises.

## CLASS ALLEGATIONS

16.     Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all individuals who, during the past three years, have worked at the Maryland Facilities and been paid an hourly wage.

17.     Class action treatment of Plaintiff's claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.  *See, e.g.*, *Davis v. Target Corp.*, 2023 WL 8373162, 2023 U.S. Dist. LEXIS 214818 (E.D. Pa. Dec. 1, 2023) (certifying class of Target distribution center employees seeking wages for pre-shift and post-shift walking time under Pennsylvania wage law).

18.     The class, upon information and belief, includes hundreds of individuals, all of whom are readily ascertainable based on standard business records and are so numerous that joinder of all class members is impracticable.

19.     Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

20.     Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

21.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common timekeeping, payroll, and compensation policies, as described herein.  The legality of these policies will be determined through the application of

generally applicable legal principles to common facts.

22.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### COUNT I – MWHL

23.     All previous paragraphs are incorporated as though fully set forth herein.

24.     "The MWHL requires that an employer must pay an employee at least the greater of the federal or State minimum wage." *Amaya v. DGS Construction, LLC*, 278 A.3d 1216, 1238 (Md. 2022) (citing Md. Code Ann., Lab. & Empl. § 3-413(b)).  "The MWHL also provides that, with certain exceptions as to specific employers and employees, 'each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage . . . .'" *Id.* (quoting Md. Code Ann., Lab. & Empl. § 3-415(a)).

25.     Under the MWHL, "compensable time includes, *inter alia*, all "time during a workweek that an individual employed by an employer is required by the employer to be on the employer's premises, on duty, or at a prescribed workplace." COMAR 09.12.41.10A.  "This language provides three circumstances under which an employer's requirement results in hours of work for an employee – namely, an employee being required to be (1) on the employer's premises, (2) on duty, or (3) at a prescribed workplace." *Amaya*, 278 A.3d at 1249.

26.     Plaintiff and other class members are employees covered by the MWHL.

27.     Defendant is an employer covered by the MWHL.

28.     Defendant violated the MWHL by failing to pay Plaintiff and other class members any wages for time associated with the mandatory pre-shift and post-shift activities on its

premises described in paragraphs 10-13.

29.    Pursuant to MD Code, Labor & Empl. § 3-427, employers, such as Defendant, who fail to pay an employee wages in conformance with the MWHL shall be liable to the employee for the wages or expenses that were not paid, liquidated damages in an amount equal to the wages that were not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II – MWPCL

30.    All previous paragraphs are incorporated as though fully set forth herein.

31.    "The MWPCL requires that each employer establish regular pay periods and pay an employee a wage in United States currency or 'by a check that, on demand, is convertible at face value into United States currency.'" *Amaya*, 278 A.3d at 1238 (quoting Md. Code Ann., Lab. & Empl. § § 3-502(a)).  The statute further requires "that an employer pay an employee 'all wages due for work that the employee performed before the termination of employment[,]'" *id.* (quoting Md. Code Ann., Lab. & Empl. § 3-505(a)), and "defines 'wage' to mean 'all compensation that is due to an employee for employment' and includes a bonus, a commission, a fringe benefit, overtime wages, and any other remuneration promised for service," *id.* (quoting Md. Code Ann., Lab. & Empl. § 3-501(c)).  Finally, "the word 'employ' 'means to engage an individual to work' and includes 'allowing an individual to work' and 'instructing an individual to be present at a work site.'"  *Id*. (quoting Md. Code Ann., Lab. & Empl. § 3-101(c)).

32.    Plaintiff and other class members are employees covered by the MWPCL.

33.    Defendant is an employer covered by the MWPCL.

34.    As asserted in Count I, time associated with the mandatory pre-shift and post-shift activities described in paragraphs 10-13 are compensable "hours worked" under Maryland wage

law.

35. Defendant violated the MWPCL by failing to pay Plaintiff and other class members any wages for time associated with the pre-shift and post-shift activities on its premises described in paragraphs 10-13.

36. Defendant's violations of the MWPCL were not the result of a *bona fide* dispute.

37. The MWPCL provides that, notwithstanding the enforcement remedies set forth in LE § 3-507, if an employer fails to pay an employee in accord with LE §§ 3-502 or 3-505, "after 2 weeks have elapsed from the date on which the employer is required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages." LE § 3-507.2(a). Defendant, having violated the MWPCL, is liable to Plaintiff and the class members for unpaid regular and overtime wages, treble damages, and reasonable attorneys' fees/costs. *See* Md. Code Ann., Lab. & Empl. § 3-507.2.

<u>**COUNT III – UNJUST ENRICHMENT**</u>

38. Paragraphs 1-22 above are incorporated as though fully set forth herein.

39. Plaintiff brings Count III in the alternative to Count II.

40. Under Maryland law, "to prevail on a claim of unjust enrichment, a plaintiff must satisfy the following three elements: [1] A benefit conferred upon the defendant by the plaintiff; [2] An appreciation or knowledge by the defendant of the benefit; and [3] The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Amaya*, 278 A.3d at 1250.

41. In *Amaya*, the Maryland Supreme Court explained that an employer's failure to pay employees wages that are statutorily required under the MWHL and MWPCL can give rise to an unjust enrichment claim. *See Amaya*, 278 A.3d at 1250-51.

42.     Here, Defendant has failed to pay Plaintiff and other class members for the mandatory pre- and post-shift activities described in paragraphs 10-13 above.  As such, Plaintiff and the class members have conferred on Defendant the benefits of their labor, and Defendant has appreciated such benefit and was aware that Plaintiff and other class members were performing such mandatory activities.  Because it is inequitable for Defendant to retain such benefits, Plaintiff and the class members are entitled to payment of all wages associated with their labor as well as such other equitable remedies deemed appropriate at trial.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the class, seeks the following relief: (i) unpaid minimum, regular, and overtime wages; (ii) all statutory, liquidated, and trebled damages available under the MWHL and MWPCL; (iii) all reasonable attorney's fees, costs, and expenses available under the MWHL and MWPCL; (iv) prejudgment interest; and (v) any other relief this Court deems just and proper.  *See generally* Md. Code Ann., Lab. & Empl. §§ 3-427(a), 3-507.2.

Date:  May 11, 2026                Respectfully submitted,

/s/ Sally J. Abrahamson
Sally J. Abrahamson (Bar No. 20425)
sabrahamson@flsalaw.com
Werman Salas P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
T: (202) 830-2016
F: (312) 419-1025

Maureen A. Salas (*pro hac vice* anticipated)
msalas@flsalaw.com
Werman Salas P.C.

8

77 W. Washington St., Suite 1402
Chicago, Illinois 60602
T: (312) 419-1008
F: (312) 419-1025

Deirdre A. Aaron (*pro hac vice* anticipated)
daaron@winebrakelaw.com
Peter Winebrake (*pro hac vice* anticipated)
pwinebrake@winebrakelaw.com
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
T: (215) 884-2491
F: (215) 884-2492

Sarah R. Schalman-Bergen (*pro hac vice* anticipated)
ssb@llrlaw.com
Krysten Connon (*pro hac vice* anticipated)
kconnon@llrlaw.com
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
T: (267) 256-9973
F: (617) 994-5801

9